COURT OF APPEALS
DECISION
DATED AND FILED

December 14, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1521**

Cir. Ct. No. **2020SC956**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

TERRY F. STOCKHAUSEN, LLC,

PLAINTIFF-RESPONDENT,

NEC STOCKHAUSEN, LLC AND STOCKHAUSEN RENTALS, LLC,

PLAINTIFFS,

V.

CHESTER LEE VOSS,

DEFENDANT-APPELLANT,

JEANNETTE P. VOSS AND VOSS & ASSOCIATE, LLC
A/K/A VOSS ENTERPRISES, LLC, D/B/A HOME AROUND THE CORNER,
D/B/A A AUTO EMPORIUM,

DEFENDANTS.

APPEAL from a judgment of the circuit court for Washington County: JAMES K. MUEHLBAUER, Judge. *Affirmed*.

¶1 GUNDRUM, P.J.[1] Chester Lee Voss appeals pro se from a judgment of the circuit court awarding Terry F. Stockhausen, LLC, (Stockhausen) $10,469.50 for back rent and fees due on four leases.[2] For the following reasons, we affirm.

¶2 Because Voss does not provide the background of this case in his appellate brief, we glean what we can from the court trial. Stockhausen is in the business of leasing properties. Voss leased from Stockhausen several properties out of which he ran a group home. Voss stopped making the rent payments due on the leases—he missed payments beginning in November 2019 for one of the properties and December 2019 for the remaining properties. Voss vacated all of the properties by the end of March 2020. Stockhausen filed the present small claims action seeking back rent and fees due under the leases from December 2019 to March 2020.

¶3 The circuit court concluded that despite the existence of a force majeure, as argued by Voss, Voss had conceded that he owed the amount alleged in the complaint due under the leases to the four properties owned by Stockhausen. The court further concluded that it was undisputed that Stockhausen gave Voss credit for the security deposits and rejected Voss's argument that the amount owed should be offset by utility bills dated after Voss vacated the properties.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version.

[2] At trial, the circuit court determined that three of the leases the complaint alleged Voss had breached related to properties owned by an entity other than Stockhausen and thus, Stockhausen could not recover back rent and fees due on those leases.

¶4    In his one and one-half page brief, Voss asserts that Voss & Associates, L.L.C. "was forced to close permanently" due to "an arrest and 6 months later, a dismissal." He writes that at the court trial in the current matter, he requested that this action be dismissed "based on circumstances that were beyond [his] control, a force majeure. The force majeure being the false arrest of Chester Voss and pandemic covid virus." He asserts that in awarding Stockhausen "the sum of $10,000.00," the circuit court failed to "give[] consideration of the rental security deposit" of $6380. Voss further indicates that while Stockhausen named him as a defendant, it failed to name Voss & Associates, L.L.C., asserting that "[t]he rental agreements were signed by Chester Voss as an agent of Voss & Associates L.L.C." and appearing to complain that "a motion to dismiss for failure to join an indispensable party" was "dismissed" by the court and that the court "thus [did] not acknowledg[e] Voss & Associates L.L.C. as the primary of the matter." Voss also complains that the court "dismissed the case against Jeannette Voss since no evidence was presented that she was involved or responsible" but "[t]here was no consideration given for a counterclaim [alleging that] because of the claim Jeannette Voss's credit score went down. There also was no consideration for a monetary finding." Lastly, Voss mentions that the court "acknowledge[d] that Terry Stockhausen used the utilities on the properties in question[] and gave credit for cleaning time, [but] fail[ed] to consider the sum total for one year of which Terry Stockhausen used the utilities to the sum of $8000.00. This is false impersonation."

¶5    In a brief by Terry Stockhausen that also leaves us wanting, Stockhausen responds in support of the circuit court's judgment in its favor. Voss did not file a reply brief.

3

¶6 On appeal, it is the appellant's (here Voss's) burden to demonstrate that the circuit court erred. *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. While Voss very briefly touches upon multiple "issues," he fails to develop any arguments to demonstrate how the circuit court erred, and "[w]e will not address undeveloped arguments." *See Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768; *see also State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (an appellate court may decline to review issues that are insufficiently briefed or unsupported by legal authority). While we recognize that Voss is pro se, he is still required to abide by the same rules governing attorneys. *See Waushara County. v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). An appellate judge cannot properly serve as both advocate and judge, *see Pettit*, 171 Wis. 2d at 647, and thus, it is inappropriate for us to "abandon our neutrality to develop arguments" for Voss, *see Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82. Having failed to develop any legal arguments to demonstrate how the circuit court may have erred, Voss has failed to meet his burden as the appellant; thus, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.